IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

        Plaintiff,

vs.                                                                     No. 1:21-cv-00719-KWR-CG

JOE BIDEN,

        Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

    **THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Civil Complaint filed by Plaintiff, Donald Thomas Sharp (Doc. 1).  The Court will dismiss the Civil Complaint for failure to state a claim for relief and as frivolous and malicious.  The Court will also impose a "strike" under 28 U.S.C. § 1915(g).

    Plaintiff Donald Thomas Sharp (a/k/a Tommy Sharp, Donald Sharp, Donald Tommy Sharp, A Bad Don) is a federal detainee at the Cibola County Correctional Center.  Plaintiff Sharp has filed a number of abusive, frivolous complaints in this Court over the past three months.[1]  In this case, Sharp's Civil Complaint makes the following allegations:

---

[1] Although this list is incomplete, Sharp's filings include: *Sharp, et al., v. Lujan-Grisham, et al.,* CV 19-00986 MV/LF; *Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. Department of Justice*, CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance*, CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police*, CV 21-00712 JB/JHR; *Sharp v. Mace*, *Cibola County Sheriff*, CV 21-00714 MV/SMV; *Sharp v. Biden*, CV 21-00719 KWR/CG, *Sharp v. El*, CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshals Service*, CV 21-00721 RB/GJF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY; *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. U.S. Federal Public Defenders Office,* CV 21-00819 JB/CG; *Sharp, et al., v. Core Civic,* CV 21-00820 WJ/JFR; *Sharp v. Zuckerberg,* CV 21-00825 JB/SMV; *Sharp v. National Aeronautical Space Administration,* CV 21-00826 MV/GJF; *Sharp v.*

"Defendant is a fraud, fake President who has overthrown the government of the United States and has committed a capital crime.  The real Joe Biden has blue eyes while the guy posing as Joe Biden has brown eyes.

Defendant was inaugurated at 11:45 a.m. while Donald Trump was still President of the United States. Donald Trump stepped down at noon.  The United States can only have one President at a time, so the Biden inauguration is null and void.

Defendant signed his executive orders at Castle Rock Studios, a movie set, and not the oval office because he is a fraud.

Defendant does not fly on the real 747 that is Air Force 1, but flies on a Boeing 777 painted baby blue and white to give the appearance the imposter Biden is President."

(Doc. 1 at 1-2).  Plaintiff Sharp seeks the immediate arrest and removal from office of Defendant, the immediate seizure and forfeiture of all of Defendant's assets, and to have all Defendant's assets transferred to Plaintiff.  (Doc. 1 at 2).  Defendant asks the Clerk of the Court to subpoena and serve Defendant on his behalf.  (Doc. 1 at 3).  Plaintiff also contends that, because he has a public defender and an EBT card, he qualifies to have the court fees paid by the court.  (Doc. 1 at 3).

### Sharp's Request to Proceed *In Forma Pauperis*

In his Civil Complaint, Sharp claims that he is entitled to have the fees for this case paid by the Court.  (Doc. 1 at 1).   The Court construes his request as a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Although Sharp has not filed an application to proceed under § 1915 in proper form, his multiple filings in other cases make it clear that Sharp is aware of the statutory requirements for leave to proceed under § 1915, believes that the Court has no authority to impose filing fees on him, refuses to comply with any of the mandatory statutory requirements

---

*Department of Homeland Security*, CV 21-00827 KWR/KRS; *Sharp v. Center for Disease Control,* CV 21-00828 JB/SMV; *Sharp v. General Services Department,* CV 21-00829 WJ/GBW *Sharp v. Balderas,* CV 21-00830 JB/KRS; *Sharp v. N.M. Secretary of State,* CV 21-00831 RB/KK; *Sharp v. Michelle Lujan Grisham,* CV 21-00839 KWR/SCY; *Sharp v. American Bar Association*, CV 21-00840 KWR/KK

for proceeding *in forma pauperis,* and claims that he has a right to "discharge" the debt for the court fees. *See, e.g.,* No. MC 21-00028, Doc. 20, 25, 32, 36. Therefore, the Court determines that it is futile and a waste of the Court's time and resources to continue to order Sharp to cure deficiencies in his submissions before dismissing his Civil Complaint. *See*, e.g., *Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 Fed. App'x 538, 540-41 (10th Cir. 2008; *Gonzales v. Bernalillo Cty. Dist. Ct.,* 640 Fed. App'x 759, 762 (10th Cir. 2016); *In re Hardee*, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. Mar. 26, 2021); *Leiter v. Nickrenz*, 2016 WL 7191614, at *2 (D. Minn. Dec. 12, 2016). The Court will deny his request for leave to proceed *in forma pauperis* and dismiss this case. Sharp is also notified that, although the Court is dismissing this case, he remains obligated to pay the entire filing fee for this proceeding under 28 U.S.C. §§ 1914 and 1915.

## Standards for 1915A Review

Plaintiff Sharp is a prisoner proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915A. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

By statute, all claims by prisoners seeking redress against a governmental entity, officer, or employee are subject to frivolousness screening. 28 U.S.C. § 1915A(a). Section 1915A provides: "[t]he court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall ... dismiss the complaint, or any portion of the complaint, if the

complaint ... is frivolous ... or fails to state a claim upon which relief may be granted ....." 28 U.S.C. § 1915A(a), (b)(l).

Under § 1915A, the Court is to dismiss a complaint by a prisoner seeking redress against government officials if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted.   28 U.S.C. § 1915A(b)(1). The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d at 1108 (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A determination of factual frivolousness is appropriate when the factual allegations rise to the level of irrational or wholly incredible.  *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A delusional scenario will justify a dismissal for factual frivolousness. *See Neitzke v. Williams,* 490 U.S. at 327-28.  Dismissal is appropriate for a claim based on an indisputably meritless legal or factual theory. *Neitzke v. Williams*, 490 U.S. at 325–30; *Johnson v. Raemisch*, 763 F. App'x 731, 733 (10th Cir. 2019).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may

4

dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d at 1109 (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

### Sharp's Claims are Legally and Factually Frivolous and Fail to State a Claim

Sharp does not claim that he has been individually harmed by any act or omission of President Biden. Instead, he appears to claim that President Biden has perpetrated a fraud on the American people. (Doc. 1 at 1-3). Even if his groundless allegations were true, it would be for Congress to act and Sharp has no private liability claim against the President. *Nixon v. Fitzgerald*, 457 U.S. 731, 732–33, 102 S. Ct. 2690, 2704 (1982).

First, Sharp's conclusory allegations that President Biden is a fraud because he does not have the correct color of eyes, was inaugurated 15 minutes too soon, signs executive orders at a location other than the oval office, and flies on a plane that is not the official Air Force 1 do not state any plausible claim for relief on the face of the Civil Complaint. *Twombly,* 550 U.S. at 570. It is patently obvious that Sharp could not prevail on any of the allegations of the Civil Complaint. *Hall v. Bellmon,* 935 F.2d at 1109.

Second, his allegations are factually and legally frivolous. Sharp's Civil Complaint does not disclose any personal knowledge or other factual basis for his allegations and the allegations rise to the level of irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Nor does Sharp cite to any legal authority, and the Court is not aware of any legal authority, that would merit civil relief on the allegations of his Civil Complaint. *Neitzke v. Williams*, 490 U.S. at 325–30.

Last, any private claims against the President by Plaintiff Sharp are barred by absolute immunity. Although there is no blanket recognition of absolute immunity for all federal executive officials from liability for civil damages, certain officials, because of the special nature of their responsibilities, require absolute exemption from liability. Cf. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895. Determination of the immunity of particular officials is guided by the Constitution, federal statutes, history, and public policy.

> "The President's absolute immunity is a functionally mandated incident of his unique office, rooted in the constitutional tradition of the separation of powers and supported by the Nation's history. Because of the singular importance of the President's duties, diversion of his energies by concern with private lawsuits would raise unique risks to the effective functioning of government. While the separation-of-powers doctrine does not bar every exercise of jurisdiction over the President, a court, before exercising jurisdiction, must balance the constitutional weight of the interest to be served against the dangers of intrusion on the authority and functions of the Executive Branch. The exercise of jurisdiction is not warranted in the case of merely private suits for damages based on a President's official acts."

*Nixon v. Fitzgerald*, 457 U.S. 731, 732–33, 102 S. Ct. 2690, 2704 (1982).  The President's absolute immunity extends to all acts within the "outer perimeter" of his duties of office. *Id.* at 2705.  A constitutional claim for damages against the President is barred by absolute immunity. *Heffington v. Bush*, 337 F. App'x 741, 743 (10th Cir. 2009).

Although Plaintiff Sharp does not expressly mention damages in his Civil Complaint, his request that all of Defendant's assets be forfeited to him may be considered to be a request for damages relief.  (Doc. 1 at 3).  To the extent the Civil Complaint is a civil claim for damages, it is barred by the doctrine of absolute Presidential immunity.  Plaintiff Sharp's Civil Complaint against

President Biden fails to state any claim for relief, is factually and legally frivolous, is barred by absolute immunity, and will be dismissed.  28 U.S.C. § 1915A.

## Amendment Would Be Futile

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile.  As set out, above, Sharp's claims are frivolous and unsupported by any coherent factual allegations or meritorious legal theories. Moreover, Plaintiff has filed multiple cases in this court, giving him several opportunities to attempt to state a viable claim for relief.  There does not appear to be any amendment Plaintiff could make that would cure the problems with his pleading.  *Bradley v. Val-Mejias,* 379 F.3d at 901.  The Court will dismiss the Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

## The Court Will Impose a Strike Under 28 U.S.C. § 1915(g):

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948).  However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public,

unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Sharp's Civil Complaint in this case fails to state a claim for relief and is frivolous, the Court will impose a strike against him under the Prison Litigation Reform Act§ 1915(g). Sharp is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

**(1)** Plaintiff Donald Thomas Sharp's request for leave to proceed *in forma pauperis* is **DENIED** and Plaintiff Sharp remains obligated to pay the full filing fee for this civil proceeding under 28 U.S.C. §§ 1914 and 1915;

**(2)** the Civil Complaint filed by Plaintiff Donald Thomas Sharp (Doc. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous; and

**(3)** a "strike" is imposed under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

_____

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**